# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JOSEPH ANTHONY REYNA,** § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | No. 1:25-CV-01107-ADA-DH | |
| § | | |
| **NELNET, INC., ET AL.,** § | | |
| *Defendants* § | | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Joseph Anthony Reyna's application to proceed *in forma pauperis*. Dkt. 5. Because Reyna is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I.  REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Reyna's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Reyna's request for *in forma pauperis* status, Dkt. 5. The Clerk of the Court shall file the complaint without payment of fees or costs or giving

1

security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Reyna is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Reyna's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. REVIEW OF THE MERITS OF THE CLAIM

Because Reyna has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Reyna, who identifies himself as a "medically documented ADA-protected individual with Attention Deficit Disorder," "a federal registered whistleblower" and "holder of the registered trademark JOECAT," brings this lawsuit against Defendants Nelnet, Inc., Experian Information Solutions, Inc., Equifax, Inc., Transunion LLC, the United States Department of Education, the United States Department of Health and Human Services, and John Does 1-10 ("Defendants") based on alleged violations at least seven statutes ranging from the Americans with Disabilities Act ("ADA") to the Lanham Act, as well as claims under Section 1983 and Texas common law. Dkt. 1, at 2-7.[1]

Reyna includes seven factual allegations supporting his claims—none of which identify any specific defendant or how their actions form the basis of any of Reyna's causes of action. For example, Reyna complains that his access to his "prescribed ADD medication was blocked by automated denials, circular referrals, and silent queues," but does not identify which defendant caused his medication to be "blocked" or how

---

[1] Reyna has at least one other case pending in this Court. *Reyna v. Spotify Tech. S.A. et al.*, No. 1:25-cv-1023-DAE.

the alleged blocking forms the basis of a claim under the ADA, or any other statute listed in Reyna's complaint. *Id.* at 4. Similarly, Reyna alleges that his trademark has been "fragmented across streaming, credit, and healthcare systems—constituting unfair competition and identity suppression," yet again fails to identify who "fragmented" his trademark or how this fact might support his claims. *Id.* at 5. Reyna has thus failed to sufficiently plead facts that would give rise to any of his claims against Defendants. 28 U.S.C. § 1915(e)(2)(B)(ii); *Bell Atl. v. Twombly,* 550 U.S. 544, 555-57 (2007) (noting that Federal Rule of Civil Procedure 8 requires a pleading to contain more than, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement"). The undersigned recommends that the District Judge dismiss Reyna's complaint.

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Reyna's application to proceed *in forma pauperis*. Dkt. 5. The undersigned **RECOMMENDS** the District Judge **DISMISS** Reyna's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.    FRIVOLOUS LITIGANT WARNGING

Reyna has brought two previous lawsuits in this Court, which were dismissed under Section 1915 as frivolous. *See Reyna et al., v. DaVita Inc..,* 1:25-cv-1029-RP; *Reyna et al., v. Tex. Med. Liability Trust.,* 1:25-cv-1105-ADA. A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In*

*re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). As noted above, no pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 360.

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Accordingly, the undersigned **WARNS** Reyna that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits if he continues to file frivolous claims and otherwise abuse his access to the judicial system.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed

findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 15, 2025.

                                      DUSTIN M. HOWELL
                                      UNITED STATES MAGISTRATE JUDGE