RECEIVED

SEP 2 4 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION**

**Joseph Anthony Reyna,**

individually and on behalf of

JOECAT LLC and DREAMS OVER DOLLARS FOUNDATION (501(c)(3)),

Plaintiffs,

v.

**Nelnet, Inc.; Experian Information Solutions, Inc.;**

**Equifax Information Services LLC; TransUnion LLC;**

**United States Department of Education;**

**United States Department of Health and Human Services; and**

**John Does 1–50,**

Defendants.

Civil Action No. 1:25-cv-01107 (ADA)

---

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

(Pursuant to Fed. R. Civ. P. 65 and Local Rule CV-65)

---

## I. INTRODUCTION

Plaintiff Joseph Anthony Reyna ("Plaintiff"), a federally documented whistleblower and ADA-protected individual, respectfully moves this Court for a preliminary injunction to halt ongoing, irreparable harm.

This harm arises from (1) the refusal of Experian, Equifax, and TransUnion to respond to or correct Felipe D. Reyna's July 25, 2025 FCRA disputes, and (2) the Department of Education's obstruction of FERPA/FOIA access through mandatory Login.gov multi-factor authentication tied to Verizon Wireless — a service Plaintiff no longer has access to.

Defendants' silence and obstruction are not neutrality; under statute and equity, they are liability.

---

## II. FACTUAL BASIS

1. **Felipe D. Reyna's Dispute Letters**

    - Dated July 25, 2025; mailed August 5, 2025 by certified mail.

    - Tracking & delivery:

        - Experian (P.O. Box 4500, Allen, TX 75013) — 9589 0710 5270 1991 3156 68 (delivered Aug. 9, 2025)

- - TransUnion (P.O. Box 2000, Chester, PA 19016) — 9589 0710 5270 1991 3156 75 (delivered Aug. 11, 2025)

  - Equifax (P.O. Box 740256, Atlanta, GA 30374-0256) — 9589 0710 5270 1991 3156 82 (delivered Aug. 10, 2025)

  - No lawful reinvestigation, verification, or deletion occurred within the 30-day statutory deadline.

2. **DOE Login.gov MFA Barrier**

    - Plaintiff is ADA-documented with Attention Deficit Disorder.

    - DOE requires Login.gov MFA tied to a Verizon phone account. Plaintiff's Verizon line was terminated, and no alternative method (email, mailed code, or backup) has been allowed.

    - This constitutes effective denial of access to records under FERPA, FOIA, and the ADA.

3. **Continuing Harm**

3

- Each day of non-response and obstruction compounds damages.

- Housing and credit remain suppressed.

- Plaintiff's ADD treatment continuity is impaired.

- Plaintiff's nonprofit projects (ZenBox, GlideScape) — backed by Senator and institutional support — remain stalled.

---

## III. LEGAL STANDARD

A preliminary injunction requires: likelihood of success, irreparable harm, balance of equities, and public interest. Plaintiff satisfies all four.

1. **Likelihood of Success**

   - **FCRA (15 U.S.C. § 1681i):** 30-day deadline violated.

   - **ADA (42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7)):** DOE's MFA barrier is not a "reasonable accommodation."

   - **Privacy Act/FERPA:** denial of access to educational records is unlawful.

4

2. **Irreparable Harm**

    - Each day of inaccurate credit reporting causes denial of housing and funding.

    - Each day without DOE access denies Plaintiff treatment continuity and due process.

    - This is not speculative; it is daily, compounding harm.

3. **Balance of Equities**

    - Compliance costs Defendants nothing: suppressing tradelines or granting email-based MFA is trivial.

    - Non-compliance devastates an elder stroke survivor, a disabled student, and a nonprofit serving vulnerable communities.

4. **Public Interest**

    - Congress enacted FCRA and ADA to prevent exactly this type of harm.

- Public interest in transparency, disability accommodation, and consumer protection is compelling.

---

## IV. LEGAL AUTHORITIES AND PREEMPTIONS

- **Black's Law Dictionary (11th ed.)** defines "Verification" as a sworn confirmation of fact. Anything less (e.g., automated codes) is insufficient under FCRA.

- **Olmstead v. L.C., 527 U.S. 581 (1999)**: ADA mandates effective access, not theoretical or conditional.

- **Cahlin v. GMAC, 936 F.2d 1151 (11th Cir. 1991)**: CRA failure to follow reasonable procedures creates liability.

- **Judicial Estoppel**: Defendants cannot deny duties they have already acknowledged in CFPB consent orders and HUD disability conciliations.

---

## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. **Credit Agencies** — Order Experian, Equifax, and TransUnion to suppress or delete Felipe D. Reyna's disputed derogatories pending litigation.

2. **DOE** — Order DOE to provide alternative access to FERPA/FOIA records (via email or mailed copies) within 7 days.

3. **Continuing Violation** — Find as fact that each day of non-compliance constitutes a continuing violation, with damages accruing per diem until compliance.

4. **Protective Orders** — Enter a protective order safeguarding PHI and Power of Attorney documentation, and a Fed. R. Evid. 502(d) clawback order to prevent privilege disputes.

5. **Bond Waiver** — Waive any security under Rule 65(c) due to Plaintiff's indigency and the strong public interest.

6. **Early Neutral Evaluation** — Order a magistrate-led settlement conference within 30 days; Plaintiff tenders a stipulated interim order (DOE access + interim credit suppression + ESI preservation).

## VI. CONCLUSION

Plaintiff has demonstrated likelihood of success, irreparable harm, equitable balance, and strong public interest. Defendants' silence and obstruction are continuing violations. Delay only increases liability.

Plaintiff respectfully requests immediate injunctive relief as detailed above.

---

Respectfully submitted,

/s/ Joseph Anthony Reyna

Joseph Anthony Reyna (Pro Se)

5900 Balcones Dr., #16077

Austin, TX 78731

whitehat@joecattt.com

(956) 202-5580

Dated: Sept. 22, 2025